UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM BENTLEY,

                        Plaintiff,

-against-

CITY OF PEEKSKILL, NEW YORK;
PEEKSKILL POLICE DEPARTMENT;
DETECTIVE JOHN DOE; OFFICER
KREUSCHER; SERGEANT JOHN DOE;
JOHN/JANE DOES 1-5,

                        Defendants.

**ORDER OF SERVICE**

25-CV-9100 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated November 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.   Claims against the Peekskill Police Department

Plaintiff's claims against the "Peekskill Police," which the Court understands to be the City of Peekskill Police Department, must be dismissed because, unless otherwise authorized by a municipal charter, municipal agencies, such as the Peekskill Police Department, are not suable entities. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The City Charter of the City of Peekskill does not affirmatively authorize the Peekskill Police Department to sue or be sued in its own name. *See generally* City of Peekskill, New York, City Charter, Article IX (power to sue and be sued not included among powers and duties of Peekskill Department of Public Safety or Peekskill Police Department).

In light of Plaintiff's *pro se* status, the Court will construe any claims being asserted against the Peekskill Police Department as being asserted against the City of Peekskill, which is a named defendant in this action.

B.   Service on Officer Kreuscher and the City of Peekskill

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Officer Kreuscher and the City of Peekskill through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.   *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the City of Peekskill to identify the John Doe detective, sergeant, and officers who were involved in Plaintiff's arrest and related events of October 14, 2025. It is therefore ordered that the Corporation Counsel of the City of Peekskill, who is the attorney for and agent of the City of Peekskill, must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Corporation Counsel must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the complaint amended once the John or Jane Doe defendants are identified, and if necessary, issue an order directing the Clerk of Court to complete the USM-285

forms with the addresses for the newly named John or Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Peekskill Police Department for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to issue summonses for Officer Kreuscher and the City of Peekskill, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to Corporation Counsel for the City of Peekskill at: City Hall, 840 Main Street, Peekskill, NY 10566.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
        November 13, 2025

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Office Kreuscher
   Peekskill Police Department
   2 Nelson Avenue, #3
   Peekskill, NY 10566

2. City of Peekskill
   Corporation Counsel
   840 Main Street
   Peekskill, NY 10566